9 Hunters Creek Road
Slidell, LA   70458
January 20, 2014

The Honorable Susie Morgan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70131

**RE:  SENTENCING OF DR. PETER GALVAN AND MATTERS IN AGGRAVATION**

Dear Judge Morgan:

We write to you today to offer matters in aggravation and to argue against mitigation in the upcoming sentencing of Dr. Peter Galvan, the ex-St. Tammany Parish coroner.

As a St. Tammany Parish taxpayer, we are one of the payers of the bills rung up by Dr. Galvan, of which many had no connection to coroner operations.  Hence, we are victims of Dr. Galvan's crimes.  We hope this might afford us enough standing in your court that you would hear us.

Dr. Galvan's crimes have been characterized by many in the media as a "gross violation of the public trust".  We agree with that sentiment.  Furthermore, we find Dr. Galvan's behavior in response, after the misdeeds became public, to be just as "gross" as the crimes themselves.

Dr. Galvan has appeared unrepentant, unapologetic and even defiant and indignant.  When the Parish council asked him to explain himself, he would not give them the time of day.  When Louisiana lawmakers moved to curtail his independent public check writing authority, Dr. Galvan responded with an array of lawyers (yes, at taxpayer expense), filing suit against the state.  Far from taking the public stage to utter even one repentant or contrite word, Dr. Galvan has literally been in hiding from the public for the past 10 months.

Finally, we saw recently where a patient of Dr. Galvan's private practice was arguing for mitigation on the basis of "hardship for his patients".  We find that odd.  Certainly any criminal's family can petition the court for "hardship" mitigation.  But, this criminal's customers/patients?  How would a patient of Dr. Galvan go about proving to you that not one suitable, capable replacement physician is available in all of St Tammany Parish?

In summary, Dr. Galvan stole our money.  When caught, his mindset and behavior exhibited no remorse.  Please keep in mind that Dr. Galvan's "guilty" plea served to reduce the volume of charges against him.  Accordingly, we respectfully urge you to impose the maximum sentence upon him, including imprisonment.

Sincerely,

*Arthur R. Weller*
Arthur R. Weller

*Elizabeth A. Weller*
Elizabeth A. Weller

William R. and Barbara H. Schee
71415 North St.
Covington, LA 70433

January 20, 2014

Honorable Susie Morgan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70131

Subject: Sentencing of Dr. Peter Galvan and matters in mitigation/aggravation

Dear Judge Morgan,

We write to you today to offer matters in aggravation and to argue against mitigation in the upcoming sentencing of Dr. Peter Galvan, the ex-St. Tammany Parish coroner.

As St. Tammany Parish taxpayers, the payers of the bills rung up by Dr. Galvan (many of which, had no connection to coroner operations), and victims of Dr. Galvan's crimes, we hope this might afford us enough standing in your court that you might hear us.

Dr. Galvan's crimes have been characterized by many in the media as a "gross violation of the public trust". We agree with that sentiment. However, we find Dr. Galvan's behavior in response, after the allegations of misdeeds became public, to be just as "gross" as the crimes themselves.

Dr. Galvan has appeared unrepentant, unapologetic and even defiant and indignant. When the Parish council asked him to explain himself he would not give them the time of day. When Louisiana lawmakers moved to curtail his independent public check writing authority Dr. Galvan responded with his army of lawyers (yes, at taxpayer expense) filing suit against the state. Far from taking the public stage to utter even one repentant or contrite word, Dr. Galvan has literally been in hiding from the public for the past 10 months.

Finally, we saw recently where a patient of Dr. Galvan's private practice was arguing for mitigation on the basis of "hardship for his patients". I find that odd. Certainly the criminal's family can petition the court for "hardship" mitigation but, his customers/patients? How would a patient of Dr. Galvan's go about proving to you that not one suitable, capable replacement physician is available in all of St Tammany Parish?

Thank You for your time.

Sincerely,

William R. Schee

Barbara H. Schee

Honorable Susie Morgan
U.S. District Court
Eastern District of Louisiana

Subject: Sentencing of Dr. Peter Galvan and matters in mitigation/aggravation

Dear Judge Morgan,

I write to you today to offer matters in aggravation and to argue against mitigation in the upcoming sentencing of Dr. Peter Galvan, the ex-St. Tammany Parish coroner.

As a St. Tammany Parish taxpayer, one of the payers of the bills rung up by Dr. Galvan (many of which, had no connection to coroner operations), and a victim of Dr. Galvan's crimes, I hope this might afford me enough standing in your court that you might hear me.

Dr. Galvan's crimes have been characterized by many in the media as a "gross violation of the public trust". I agree with that sentiment. However, I find Dr. Galvan's behavior in response, after the allegations of misdeeds became public, to be just as "gross" as the crimes themselves.

Dr. Galvan has appeared unrepentant, unapologetic and even defiant and indignant. When the Parish council asked him to explain himself he would not give them the time of day. When Louisiana lawmakers moved to curtail his independent public check writing authority Dr. Galvan responded with his army of lawyers (yes, at taxpayer expense) filing suit against the state. Far from taking the public stage to utter even one repentant or contrite word, Dr, Galvan has literally been in hiding from the public for the past 10 months.

**"I report to no one",** was Dr. Galvan's reply some years ago, according to a distraught and angry North shore mother shortly after her son's death. She was upset by the coroner's office handling of the matter, called Galvan to complain and upon receiving no satisfaction; she asked him, "Who do you report to"? That incident speaks volumes about Dr. Galvan's mindset and is totally consistent with his behavior after the allegations of his misdeeds in office became public.

Finally, I saw recently where a patient of Dr. Galvan's private practice was arguing for mitigation on the basis of "hardship for his patients". I find that odd. I mean certainly the criminal's family can petition the court for "hardship" mitigation but, his customers/patients? How would a patient of Dr. Galvan's go about proving to you that not one suitable, capable replacement physician is available in all of St Tammany Parish?

Thank You for your time.

Sincerely,

Richard & Nancy Duffin